# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| KEVEN CHUMLEY, § | |
| § | |
| § | CIVIL ACTION NO. 6:18-CV-00336-RWS |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| SMITH COUNTY SHERIFF'S OFFICE, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiff initiated this action on July 9, 2018. Docket No. 1. On October 17, 2018, Defendant Smith County Sheriff's Office filed a motion to dismiss. Docket No. 17. On November 6, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion be granted. Docket No. 21. Plaintiff subsequently filed objections to the Report. Docket No. 23. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636 (b)(1).

In his Report, the Magistrate Judge found that the Smith County Sheriff's Office is a non-jural entity that cannot be sued in its own name. Docket No. 5 at 2–3 (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). The Magistrate Judge determined that the Smith County Sheriff's Office is a subsidiary of Smith County and noted that Plaintiff had not alleged that Smith County provided the Sheriff's Office with jural authority to engage in

litigation or that it has any separate legal existence. Id. (citing Scott v. Liberty Cty., Tex., No. 1:10-CV-609-TH, 2012 WL 6000405, at *7 (E.D. Tex. Nov. 30, 2012) ("Liberty County has not given the Sheriff's Office jural authority, and as such, it lacks the capacity to sue or be sued.")). Plaintiff does not object to these findings of the Magistrate Judge, but requests that his claims not be dismissed until he can obtain representation. Docket. No. 23 at 1.

Plaintiff has had ample time to obtain counsel in this matter and has been given two prior opportunities to amend his complaint. See Docket Nos. 5 and 10. As the Magistrate Judge explained, there is no constitutional right to appointment of counsel in a civil case, nor does any statutory authority exist for such an appointment. Docket No. 6 at 1. Plaintiff has not demonstrated any exceptional circumstances that would warrant appointment of counsel in this case. The Court agrees with the Magistrate Judge's findings and finds that appointment of counsel would not change the jural authority of the Sheriff's Office or the ability for Plaintiff to sue such an entity. Plaintiff requests his claims to "be heard under the umbrella of the legal entity," but it is Plaintiff who must ascertain against whom his claims lie. Accordingly, Plaintiff's claims against the Smith County Sheriff's Office are dismissed with prejudice as to the Smith County Sheriff's Office. However, to the extent Plaintiff has claims against a legal entity, Plaintiff may proceed with those claims in a separate action.

    For the reasons discussed herein, the Court hereby **ADOPTS** the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court and **GRANTS** Defendant's motion (Docket No. 17). It is therefore

**ORDERED** that Plaintiff's claims against the Smith County Sheriff's Office are **DISMISSED WITH PREJUDICE**.

**SIGNED this 4th day of January, 2019.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE